**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-22539-Civ-BLOOM/TORRES**

DOGWOOD STATE BANK, a North
Carolina state-chartered bank,

      *Plaintiff*,

v.

MANAL S. MOUSSA-OLIVER, individually,
and MICHAEL W. OLIVER, individually,

      *Defendants*.

_____/

*REPORT AND RECOMMENDATION ON MOTION FOR CIVIL CONTEMPT*
*AND ORDER ENTERING SANCTIONS*

This matter is before the Court on Dogwood State Bank's Motion For Civil
Contempt filed against Defendants, Manal S. Moussa-Oliver and Michael W. Oliver
("Defendants"). As described below, the motion is ripe for adjudication and should
be Granted. Additionally, the Court separately enters this Order sanctioning counsel
for Defendants arising from their failure to respond to the Motion on behalf of their
clients and failure to comply with this Court's Order to Show Cause.

# I.   BACKGROUND/CERTIFIED FACTS

## A.      *Defendants' Failures to Respond to Written Discovery*

This case is now in the posture of a post-judgment collection proceeding following the entry of final judgment in Plaintiff's favor on June 14, 2024. [D.E. 42, 55].   After the amended judgment was entered, Defendants did not satisfy the judgment and Plaintiff sought post-judgment discovery to identify available assets from which to execute on the judgment.

After serving discovery requests of various forms on Defendants that went unanswered, on February 19, 2025, Plaintiff filed a Motion to Compel Discovery Responses [D.E. 57].   The District judge entered an Order [D.E. 58] requiring Defendants to file an expedited response to the Motion to Compel on or before February 26, 2025.

The Defendants failed to respond at all to the Court's Order, which is the first violation of a Court Order on this record.   Then on on February 27, 2025, the District Judge addressed that failure by entering an Order directing Defendants to file their missing Response on or before March 6, 2025, [D.E. 59], which warned Defendants (who at that point were still represented by counsel of record) that a second failure to comply would result in sanctions.

One day too late under the Court's Order, on March 7, 2025, Defendants finally responded to this matter by filing through counsel a belated Motion for Extension of Time [D.E. 60] that represented, with no mention of their earlier failure to comply with or respond to the Court's Order, that counsel had now "provided draft responses

to Plaintiff's Discovery in Aid of Execution to the Defendants. However, the finalization of such responses has been delayed by a setback in the health of Mr. Oliver who suffers from a chronic medical condition, and Mrs. Oliver's commitment(s) as a certified public accountant to her clients, and as the sole provider for her Family." [D.E. 60 at 2].

The District Judge granted the motion and ordered Defendants to respond on or before March 12, 2025. [D.E. 61]. Remarkably, after representing that counsel was on the verge of completing the responses and satisfying Defendant's obligations under the Court's Rules, Defendants and their counsel failed to meet the March 12, 2025 deadline set by Court Order.

With now two Court Orders that had been violated in the record, the Court again ordered Defendants to show cause on or before March 17, 2025 as to why sanctions should not be imposed. [D.E. 62]. Yet, no response was filed to the District Judge's Order and no explanation forthcoming as to why sanctions should not be imposed.

The District Judge then on March 19, 2025, entered an Order Granting Motion to Compel Discovery [D.E. 63] requiring Defendants to respond to the written discovery requests outlined in Plaintiff's Motion to Compel Discovery Responses on or before April 8, 2025, including Plaintiff's First Set of Interrogatories In Aid Of Execution to Manal S. Moussa-Oliver; First Set of Interrogatories In Aid Of Execution to Michael Oliver; First Request for Production In Aid Of Execution to Manal S. Moussa-Oliver; and First Request for Production In Aid Of Execution to Michael Oliver.

### B.    *Defendants' Failure to Attend Depositions*

At the time Plaintiffs filed their Motion to Compel on the written discovery, served on Defendants, they also served on February 19, 2025, a Notice of Taking Deposition Duces Tecum in Aid of Execution upon both Defendants (through counsel). No protective order was sought nor any extension requested.   Instead, both Defendants failed to appear for their respective depositions as noticed on March 25, 2025.

Plaintiff filed a Motion to Compel Depositions of Manal S. Moussa-Oliver and Michael W. Oliver [D.E. 67] on April 11, 2025.  Once again, the Defendants failed to respond to the Motion to Compel Depositions.  The Court then entered another Order on April 14, 2025, directing that Defendants respond to the motion by the Court's deadline of April 21, 2025. [D.E. 68].  No written response to the Motion to Compel depositions was ever filed.

### C.    *Show Cause Proceedings*

On April 11, 2025 this Court entered an Order to Show Cause requiring the Defendants to appear in person for a Show Cause hearing on April 22, 2025 unless the Defendants purge themselves by complying with prior Order to Compel by April 15, 2025.  A Show Cause hearing was held on April 22, 2025 before the District Judge. Yet Defendants failed to appear in person for the hearing in violation of this Court's Orders.   Counsel did appear on their behalf, claiming that he had been having difficulties communicating with his clients but requesting an extension in order to remedy their non-compliance.  The Court granted that ore tenus request and Ordered

Defendants to respond to the Written Discovery and to schedule their depositions within one week. [D.E. 72]. The Court also granted Plaintiff's request for attorneys' fees dues to this record of non-compliance and directed counsel to file an affidavit of fees thereafter. Following the filing of that affidavit, the Court entered an Order granting fees and costs arising from this record of violations of Court Orders and deadlines. [D.E. 74].

Notwithstanding all these efforts to gain compliance from Defendants, no discovery responses were forthcoming by the April 29 deadline, nor did counsel provide proposed dates for the taking of the depositions. As a result, the record reflects that by such date multiple Court Orders were violated demanding compliance. Defendants (and counsel) were provided with ample notice of the record of violations stemming from these post-judgment discovery efforts and their knowing and willful refusal to comply.

Plaintiff then filed the pending Motion for Contempt seeking to hold Defendants in contempt of court. The motion did not seek to hold counsel in contempt, noting in fact that a telephone conferral was made with counsel on that same date. But the motion sought a civil contempt finding against Defendants, a $1,000 per day penalty against each Defendant until such time as compliance was forthcoming, and additional attorneys' fees and costs. [D.E. 76 at 7-8].

The matter was then referred for disposition to the undersigned Magistrate Judge. When no timely response was filed to the motion for contempt of court, the Court then Ordered Defendants and counsel to file a written response to the motion by June 13, 2025. The Order warned Defendants that their failure to respond would

itself be another act of contempt.  The Order also directed counsel for Defendants to also file a written response on his behalf, because his failure to respond to the Court's Orders could also be sanctioned under the Court's inherent authorioty and the Court's Rules of Admission.  Both Defendants and counsel were Ordered to file a written response.  [D.E. 79].

Despite all earlier multiple violations of Court Orders and Orders to Show Cause, neither Defendants nor counsel filed any response to this Court's Order.  Nor have they shown, in the interim period, any cause why they should not be held in contempt of Court.

## II.   *ANALYSIS*

### A.   <u>*Legal Standards for Contempt of Court*</u>

Courts may impose sanctions for litigation misconduct upon a finding of bad faith. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1306 (11th Cir. 2009) ("The key to unlocking a court's inherent power is a finding of bad faith."). A court may exercise its inherent powers "even if procedural rules exist which sanction the same conduct." *In re Mroz,* 65 F.3d 1567, 1575 (11th Cir. 1995). However, a court must exercise its inherent powers "with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). "A party demonstrates bad faith by, *inter alia,* delaying or disrupting the litigation or hampering enforcement of a court order." *Eagle Hosp. Physicians,* 561 F.3d at 1306. "Without a 'smoking gun' statement from the plaintiff, ... a district court makes a determination of bad faith by drawing inferences from the conduct before it." *Byrne v. Nezhat,* 261 F.3d 1075, 1125 (11th Cir. 2001).

Once a finding of bad faith is viable, the Court's power to enter sanctions is broad in scope as it includes "the ability to impose civil and criminal contempt." *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 831 (1994)); *see also Chambers,* 501 U.S. at 43 (courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *S.E.C. v. Solow,* 682 F. Supp. 2d 1312, 1324 (S.D. Fla. 2010), *aff'd*, 396 F. App'x 635 (11th Cir. 2010) ("Courts have inherent power to enforce compliance with their lawful orders through civil contempt.").

"To find contempt, there must be clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Brother*, 2010 WL 2978077, at *2 (citing *McGregor v. Chierico,* 206 F.3d 1378, 1383 (11th Cir. 2000); *Citronelle Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1301 (11th Cir. 1991)). After the movant meets his initial burden, the burden shifts to the alleged contemnor to explain the noncompliance. "To overcome a finding of contempt, the contemnor must prove that despite all reasonable efforts to comply with the court's order, compliance was impossible." *Brother*, 2010 WL 2978077, at *2 (citing *In re Chase & Sanborn Corp.,* 872 F.2d 397, 400 (11th Cir. 1989); *United States v. Rylander,* 460 U.S. 752, 756–57 (1983); *United States v. Hayes,* 722 F.2d 723, 725 (11th Cir. 1984)). Upon a sufficient showing by the alleged contemnor, the burden shifts back to the moving party to prove an ability to comply. *See Combs v. Ryan's*

*Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986) ("The party seeking the contempt citation retains the ultimate burden of proof").

Finally, the purpose of a civil contempt finding is remedial in nature, as a last chance effort to obtain compliance with the Court's Orders. "Civil contempt is remedial; the penalty serves to enforce compliance with a Court order or to compensate an injured party." *Solow*, 682 F. Supp. 2d at 1324; *see also United States v. McCorkle,* 321 F.3d 1292, 1298 (11th Cir. 2003). Civil contempt, including imposition of monetary fines and incarceration, is appropriate when a party willfully fails to comply the Court's Orders, including an order compelling discovery. *United States v. Roberts,* 858 F.2d 698, 700 (11th Cir. 1988).

**B.**   <u>***Recommended Finding of Contempt Against Defendants***</u>

As the record summarized above shows, Defendants themselves have repeatedly violated this Court's Orders, all of which were entered in order to enforce compliance with the Court's Rules and the Federal Rules of Civil Procedure. Defendants have to date failed to respond in any material way to these Orders by serving responses to the outstanding discovery requests or making themselves available for the taking of their depositions. Although counsel represented to the Court that this non-compliance was due in part to the medical condition of one defendant, no showing has been made in any way that, after all this time, Defendants could not meaningfully comply with the Court's Orders and Rules. Accordingly, the Court readily finds that this record of repeated violations strongly evidences intentional or at least reckless bad faith on the Defendants' part. Thus a finding of contempt of court against Defendants MANAL S.

MOUSSA-OLIVER, individually, and MICHAEL W. OLIVER, individually, should be Ordered and monetary and other sanctions should be imposed.

A prima facie basis for civil contempt is amply supported in this record:

First, the record shows that the Court's Orders are valid and lawful. The Orders entered by this Court are valid and lawful and properly entered in favor of Plaintiff and against the Defendants. The Court's Orders of March 18, 2025, April 11, 2025, April 14, 2025, and April 22, 2025, were all directing Defendants to comply with their discovery obligations in this proceeding and cure their non-compliance to avoid sanctions. Defendants have violated each of these Orders.

Second, these Orders were clear, definite, and unambiguous. The District Judge Ordered Defendants to respond to the Written Discovery requests on or before April 8, 2025, and further ordered the Defendants to respond to the Written Discovery requests and schedule their depositions by April 29, 2025. Thus, the language of the Orders is clear, definite, and unambiguous and there have been no allegations to the contrary. Moreover, counsel for Defendants represented at the April 22, 2025 hearing that medical and other issues had been the cause of Defendants' non-compliance, which could be cured if Defendants were given just a little more time. The Court granted that request at the hearing and unequivocally Ordered that compliance, in the form of written discovery responses and dates for the taking of their depositions, be complete by April 29, 2025. That Order was clear, definite and unambiguous.

Third, the Defendants had the ability to comply with the Orders. They had that ability to fully comply with the Orders by simply providing written responses

to the Plaintiff's written discovery requests and by simply scheduling and attending their respective depositions. Both Defendants willfully failed to do so in an apparent effort to block or impede Plaintiff from collecting upon the final judgment entered against the Defendants.

Furthermore, the Defendants were also afforded an opportunity at the April 22, 2025 Show Cause hearing to show cause as to why they cannot comply with the Orders, yet they both failed to appear in person as expressly ordered by this Court and otherwise failed to provide any actual evidence demonstrating why they cannot comply with the Orders. Indeed, since the date of the filing of the motion for contempt, this Court entered Orders directing Defendants to show cause why a contempt finding should not be entered. Once again, Defendants ignored that Order just as they had ignored the District Judge's Order that led up to the filing of the motion for contempt.

Accordingly, the Defendants had the ability to comply with the Orders yet failed to do so.

Once the Court enters the final Order of Contempt of Court, which finds that Defendants personally are in contempt, the question that follows is what remedies should be imposed to cure their non-compliance. The common intermediate remedy is to enter an order to show cause why the Defendants should not be held in contempt, which this Court did and a Show Cause hearing was held on April 22, 2025. As such, it would be a waste of time and judicial resources to yet again require the Defendants to show cause, especially given that the undersigned also Ordered Defendants to respond to the motion for contempt, in

what amounted to a Fourth Order to Show Cause stemming from these discovery violations, via the June 9, 2025 Order.

Based upon the series of Orders previously entered by this Court and ignored by the Defendants, Defendants have been adequately warned of the consequences of failing to comply with their discovery obligations. Despite receiving multiple opportunities to comply with this Court's Orders, to date, neither Defendant has produced one single document or answered one single interrogatory, or made any effort whatsoever to schedule their depositions. Indeed, Defendants were given an opportunity to show cause as to why sanctions should not be awarded for their failure to comply with this Court's Orders by the undersigned Magistrate Judge and yet the Defendants failed to provide any responses whatsoever.

Therefore, Plaintiff has established by clear and convincing evidence that Defendants are in violation of the Orders and have engaged in bad faith. Under the circumstances of this case and the Defendants' continued pattern of willfully disregarding this Court's Orders, the only way to obtain compliance and to purge their contemptuous conduct is by imposing a fine of $1,000.00 per day upon each of the Defendants until they purge themselves of the contempt. *See Argonaut Ins. Co. v. CM Glazing, LLC,* No. 6:23-CV-1378-CEM-LHP, 2024 WL 4987428, at *6 (M.D. Fla. Nov. 15, 2024) (granting motion for civil contempt and sanctions and awarding coercive fine of $1,000 per day if defendants fail to comply with court's order); *Old Nat'l Bank v. Goldberg & Associates, LLC,* Case No. 08-80078-CIV, 2009 WL 813019, at *3 (S.D. Fla. Mar. 23, 2009) ("For each day that Defendants

fail to comply with this Order, monetary sanctions shall be imposed against Defendants, jointly and severally, in the amount of $1,000.00 per day.").

Further, if the monetary fine does not coerce Defendants to comply with this Court's Orders by September 30, 2025, the Court should issue a bench warrant and a writ of bodily attachment against both Defendants individually, direct the Marshals to serve the warrants, and incarcerate both Defendants until such time as they cure their respective contempt. See *United States v. Phillips*, 834 F.3d 1176, 1181 (11th Cir. 2016) ("Courts have long issued bench warrants after holding someone in contempt. . . . And the Federal Rules of Civil Procedure today expressly contemplate bench warrants for 'civil contempt of a decree or injunction.' Fed. R. Civ. P. 4.1(b). . . . This Court has held that arrests based on bench warrants satisfy the Fourth Amendment, *see Simon v. United States*, 644 F.2d 490, 494 (5th Cir. 1981), and our sister circuits agree with that proposition even when the bench warrant is based on *civil* contempt.") (citations omitted).

### C.   *Order Sanctioning Counsel in lieu of Contempt of Court*

Under the Federal Magistrates Act, 28 U.S.C. § 636(e), magistrate judges are authorized to exercise contempt authority only in certain limited circumstances. These include summary criminal contempt authority, which may be imposed by the magistrate judge for misbehavior 'in the magistrate judge's presence so as to obstruct the administration of justice,' 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the "magistrate judge presides with the consent of the parties." 28 U.S.C. §§ 636(e)(3), (4). "Otherwise, if one has committed an act constituting a civil contempt in a proceeding before the

magistrate judge, a certification procedure is used[.]" *Martinez-Garcia v. Perez*, 2013 WL 5606366, at *3 (S.D. Ga. Oct. 11, 2013).

Generally speaking, this means that "[a]bsent full consent of all parties pursuant to 28 U.S.C § 636(c), '[m]agistrate judges must refer contempt proceedings stemming from out-of-court action/inaction to district court judges.' " *Parenteau v. Prescott Unified Sch. Dist.*, 2010 WL 729101, at *3 (D. Ariz. Mar. 2, 2010) (quoting *Wilhelm v. Yott,* 2009 WL 2244178, * 3 (E.D. Cal. 2009)); *see also Brother v. BFP Investments, Ltd.*, 2010 WL 2978077, at *1 (S.D. Fla. June 1, 2010), *Report and Recommendation adopted*, 2010 WL 2978080 (S.D. Fla. July 26, 2010) ("Under 28 U.S.C. § 636(e) ... a magistrate judge may not exercise the contempt power of the district court. Instead, when the act complained of constitutes a civil contempt or a criminal contempt occurring outside his or her presence, the magistrate judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the district judge why he or she should not be held in contempt on the basis of the certified facts.").

This Report and Recommendation is thus entered with respect to the contempt of court motion directed to Defendants individually.  As to Defendant's counsel, however, we could also recommend that he be found in contempt of the undersigned's Order entered June 9, 2025, which directed him to show cause why he should not be held in contempt of court as well based on his own failure to respond to the Court in any way following the April 22 hearing and Order.  We need not take that step now, however, because lesser sanctions that squarely fall within the undersigned's jurisdiction should suffice.

Under Rule 37, this Court has the authority to enter appropriate Orders enforcing its discovery Orders, both as against a client as well as counsel. Additionally, it is well established in this Circuit and elsewhere that a Magistrate Judge has inherent and statutory authority to enforce the Court's Orders, at least as long as no case dispositive relief is being entered. *See, e.g., Jallali v. U.S. Funds*, 578 F. App'x 965 (11th Cir. 2014) ("28 U.S.C. § 1927 allows a district court to sanction '[a]ny attorney or other person *admitted to conduct cases* in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously . . . '") (affirming entry of sanctions under section 1927 by Magistrate Judge).

Here, the Court issued a specific and unambiguous Order to counsel for Defendants, which required counsel to address why he should not be held in contempt of court or otherwise sanctioned stemming from his own failure to show compliance with the Court's April 22 Order.  The motion for contempt did not address defense counsel, but the undersigned's review of the record evidenced a repeated pattern of disregard for the Court's Rules and procedures from counsel as well.  Thus, the Order to Show Cause was entered to give defense counsel notice why he should not be individually sanctioned based on the record of violations in this record.

Despite that clear and unambiguous warning and direction, counsel for Defendants never responded.  Nor has counsel responded belatedly in the interim period.  Counsel appears to think that, like his clients, he can wish something away if he just ignores it.  That is not how the Court's Rules and procedures operate.  All counsel of record appearing in the action are duty bound to comply with the Court's

Rules, Orders and Procedures. *See, e.g., Stuart I. Levin & Associates, P.A. v. Rogers*, 156 F.3d 1135, 1141 (11th Cir. 1998) ("As counsel of record, Levin owed a duty to his client fully to represent his interests, and he owed a duty to the court to comply with the court's orders.") (affirming entry of Rule 37 sanctions against counsel for repeated violations of discovery orders).

And specifically, the Court's Rules of Attorney Admission expressly direct all counsel appearing before the Court to comply with the Florida Rules of Professional Responsibility and all the Court's Rules, failing which the Court retains the inherent power to enforce such rules through any sanction the court deems appropriate. S.D. Fla. Local Atty. R. 6(b)(2)(C).

Upon review of this record, it is unmistakably clear that counsel's appearance in this action has not led to the speedy, efficient and inexpensive disposition of the Court's proceedings. Fed. R. Civ. P. 1. To the contrary, counsel's belated responses and excuses for his clients has undermined the Court's ability to enforce its Orders. And when given the opportunities to help remedy the situation, counsel has repeatedly let deadlines pass without explanation. That clearly violates to the Court's Rules and his obligation as a member of the Bar of the Court. And if the reason for his non-compliance relates to a recalcitrant client, who does not take his advice and ignores his requests, then counsel has an ethical obligation to simply seek to withdraw under Fla. Prof. Resp. Bar R. 4. Counsel has failed to do that in this case for some reason, yet at the same time as he has also failed to comply with multiple Orders of the Court.

To remedy this record of repeated pattern of conduct, the Court finds that

counsel should immediately be discharged as counsel of record in this action. His appearance in the case is now STRICKEN. Moreover, the Court finds that counsel shall be referred to the Court's Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance for investigation and discipline if necessary. The Court defers to the Court's Ad Hoc Committee whether or not the circumstances in this case warrant further referral of counsel to the Florida Bar.

### III.   RECOMMENDATION AND ORDER

For the foregoing reasons, and based on the Certified Facts set forth above, the Court hereby:

1.      **RECOMMENDS** that Defendants, individually, be held in contempt of Court for engaging in bad faith refusals to comply with multiple court Orders, for which Defendants should be assessed daily monetary penalties and, if necessary, brought before the Court by the U.S. Marshal for incarceration for such time as it is necessary to obtain compliance with the Court's Orders;

2.      **ORDERS** that Defendants' counsel, Martin G. McCarthy, is DISCHARGED as counsel of record for Defendants in this action, and REFERRED to the Court's Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance for investigation and discipline if necessary. The Committee should first consider whether further referral of counsel to the Florida Bar is warranted.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal

issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. See 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017*); Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

Any appeal of the Court's Orders simultaneously entered herein must also be filed within fourteen days failing which the Order shall be deemed a Final Order of the Court and may not be further appealed.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 25th day of August, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge